## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MOLLY MALONE'S LLC, et al., <br><br> Defendants. | CASE NO.: 1:19-cv-03479-JEB |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS WILLIAM J. NIMMO, GREG COTTER, MICHAEL CHEUNG, AND EDWARD CHEUNG**

Plaintiff Joe Hand Promotions, Inc, by and through undersigned counsel, submit this Response in Opposition to the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. No. 45] ("Motion") of Defendants William J. Nimmo, Greg Cotter, Michael Cheung, and Edward Cheung (collectively the "Moving Defendants") and respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss.

### FACTS

This is an Anti-Piracy case by Plaintiff Joe Hand Promotions, Inc. against Defendants Molly Malone's LLC, 713 Partners LLC, Barrack's Row Ent Group LLC, Xavier Cervera, Andrea Gentile, William A. Sport, Ricardo Cervera a/k/a Richard Cervera, Michael Hoi-Mingh Cheung, William J. Nimmo, Greg Cotter, and Edward Cheung for misappropriation of the closed circuit *Ultimate Fighting Championship® 207: Nunes v. Rousey* broadcast on December 30, 2016 ("Program"), in violation of 47 U.S.C. § 605, *et seq*. and 47 U.S.C. § 553, *et seq*.  Plaintiff is a distributor of sports and entertainment programming to commercial establishments (i.e. bars,

restaurants, casinos, etc.).  Plaintiff entered into an agreement with the promoter of the Program,

providing Plaintiff with the exclusive right to license the exhibition of the Program to commercial

establishments.  Defendants are the owners and/or operators of Finn McCool's, a commercial

establishment located at 713 8th Street SE, Washington, DC 20003 (the "Establishment").

After Plaintiff's informal attempts to resolve this matter failed, Plaintiff initiated the instant

action on November 19, 2019 and amended its complaint on July 8, 2020 alleging that the

Defendants knowingly and willfully violated the Communications Act of 1934, as amended, 47

U.S.C. §§ 553 and 605.  The Second Amended Complaint alleges that the Defendants unlawfully

intercepted and exhibited the Program on December 30, 2016.  *See* Doc. No. 31.

Defendants William J. Nimmo, Greg Cotter, Michael Cheung, and Edward Cheung filed

the instant Motion on August 17, 2020.  Doc. No. 45.  Three (3) of the non-moving defendants

previously filed a similar Motion to Dismiss [Doc. No. 19] which this Court denied in full.  *See*

Doc. No. 22.  Plaintiff now files this Response and respectfully requests the Moving Defendants'

Motion be denied.

## STANDARD OF REVIEW

### Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint, which

"must contain 'a short and plain statement of the claim showing that the pleader is entitled to

relief.'" *Gregorio v. Hoover*, 238 F. Supp. 3d 37, 44-45 (D.D.C. 2017) (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (internal quotation marks omitted). In considering a motion to dismiss, "the court

must treat the complaint's factual allegations as true . . . and must grant the plaintiff the benefit of

all inferences that can be derived from the facts alleged." *Citizens for Responsibility & Ethics in Wash. v. Pruitt*, 319 F. Supp. 3d 252, 256 (D.D.C. 2018) (internal citation omitted).  A plaintiff is "not required to plead facts sufficient to prove its allegations; rather, the complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Covad Commc'ns. Co. v. Bell Atl. Corp.*, 398 F.3d 666, 671 (D.C. Cir. 2005) (quoting Fed. R. Civ. P. 8(a)). The standard is such because the "issue presented by a motion to dismiss is not whether a plaintiff will ultimately prevail but whether a claimant is entitled to offer evidence to support the claims." *Covad*, 398 F.3d at 671.  Finally, "[w]hen ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff."  *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1347 (Fed. Cir. 2018).

As demonstrated below and in Plaintiff's Second Amended Complaint, Plaintiff has pled more than enough facts for the Court to find it stated claims for which relief can be granted.

<u>Conversion to a Motion for Summary Judgment</u>

"The decision to convert a motion to dismiss into a motion for summary judgment . . . is committed to the sound discretion of the trial court." *Flynn v. Tiede-Zoeller, Inc.*, 412 F. Supp. 2d 46, 50 (D.D.C. 2006).  "When the defendant expressly moves for summary judgment in the alternative to a motion to dismiss before discovery has been conducted, and relies upon extra-pleading material, to which the plaintiff has an opportunity to respond, the Court need not issue separate prior notice of the conversion." *Proctor v. D.C.*, 74 F. Supp. 3d 436, 448 (D.D.C. 2014).

> If extra-pleading evidence 'is comprehensive and will enable a rational determination of a summary judgment motion,' a district court will be more likely to convert to summary judgment, but 'when it is scanty, incomplete, or inconclusive,' the district court is more likely to decline to convert to summary judgment and permit further discovery. *See* 5C Charles Alan Wright, et al., Federal Practice & Procedure § 1366 (3d ed.2012).  Thus, there is no bright-line threshold

3

for conversion under Rule 12(d); the touchstone is fairness and whether consideration of summary judgment is appropriate, in light of the nature of the extra-pleading material submitted, the parties' access to sources of proof, the parties' concomitant opportunity to present evidence in support or opposition to summary judgment and the non-moving party's need, as reflected in a sufficiently particularized request, under Federal Rule of Civil Procedure 56(d), for discovery in order to respond adequately.

*Id.*

As shown below, the Moving Defendants' unsubstantiated, self-serving declarations do not sufficiently support summary judgment in their favor and, if anything, illustrate the need for a full discovery period in this matter.  Plaintiff would be substantially prejudiced should the Court dismiss the Moving Defendants from the case at this early stage of the proceedings.

Accordingly, the Court should deny Moving Defendants' Motion in its entirety.

## ARGUMENT & AUTHORITIES

I.      **The Court Should Not Consider Defendants' Affidavits and Moving Defendants' Motion to Dismiss Should Be Denied.**

In deciding a Rule 12(b)(6) motion, the Court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters about which the court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993).  Further, as previously found by Your Honor when ruling on the Motion to Dismiss of Defendants 713 Partners LLC, Andrea Gentile, and William Sport, "the Court will not consider factual material outside of the Amended Complaint at this [Motion to Dismiss] stage."  Doc. No. 22 p. 3.

Here, Moving Defendants attach Declarations of Defendants William Nimmo, Edward Cheung, Michael Cheung, and Greg Cotter each denying ownership of the Establishment on the date of the Program.  Moving Defendants ask the Court to consider these exhibits to dismiss

4

Plaintiff's claims against them.  To consider these exhibits would be improper on a Motion to Dismiss and thus the Court should deny the Moving Defendants' Motion to Dismiss.

**II.**      **Plaintiff's Amended Complaint Sufficiently States Its Claims Against Moving Defendants.**

With regard to the individual defendants, Michael Hoi-Mingh Cheung, William Nimmo, Greg Cotter, and Edward Cheung, Plaintiff alleged as follows:

"9.      On the date of the Program, Defendant MICHAEL HOI-MINGH CHEUNG:

    a.   was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

    b.   had a right and ability to supervise the activities of the Establishment; and

    c.   had an obvious and direct financial interest in the activities of the Establishment.

10.      On the date of the Program, Defendant WILLIAM J. NIMMO:

    a.   was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

    b.   had a right and ability to supervise the activities of the Establishment; and

    c.   had an obvious and direct financial interest in the activities of the Establishment.

11.      On the date of the Program, Defendant GREG COTTER:

    a.   was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

    b.   had a right and ability to supervise the activities of the Establishment; and

    c.   had an obvious and direct financial interest in the activities of the Establishment.

12.      On the date of the Program, Defendant EDWARD CHEUNG:

    a.   was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

    b.   had a right and ability to supervise the activities of the Establishment; and

    c.   had an obvious and direct financial interest in the activities of the Establishment."

*See* Doc. No. 31 ¶¶ 9-12.

Moving Defendants cite to *J & J Sports Prods., Inc. v. Micherie*, 2018 U.S. Dist. LEXIS 166328 at *9, No. 17-cv-1150 (KBJ) (D.D.C. Sept. 7, 2018) to argue Plaintiff has not sufficiently plead facts against them, however, the *Micherie* decision was on a motion for final default judgment, while here, we are pre-answer and pre-discovery. Further, the most recent case in this Court to examine vicarious liability under the Communications Act clearly defines the vicarious liability test as: "Any individual who has the 'right and ability to supervise' the alleged piracy of a commercial broadcast and has an 'obvious and direct financial interest' in that piracy, need not remain immune from FCA liability." *G & G Closed Circuit Events, LLC v. 19th & K, Inc.*, 2020 WL 759118, at *3 (D.D.C. Feb. 14, 2020) (internal citation omitted).

Again, at the Motion to Dismiss stage Plaintiff is not required to prove its claims. Plaintiff's Amended Complaint clearly contains statements of the claims showing that it is entitled to relief. The allegations are accepted as true at the Motion to Dismiss stage, and would be sufficient to establish liability under the vicarious liability standard. Thus, Plaintiff's Second Amended Complaint is sufficiently pled against the Moving Defendants and should not be dismissed.

### III.   Plaintiff's Second Amended Complaint Relates Back To Its Original Complaint.

While Plaintiff disputes the Moving Defendants' contention that the most analogous statute of limitations for Communications Act claims is drawn from the D.C. statute for conversion claims, Plaintiff does not dispute that the Statute of Limitations period for Communications Act claims is likely three (3) years in this Court.[1]   Plaintiff's Second Amended Complaint, however,

---

[1]      Plaintiff believes the most analogous statute of limitations for Communications Act claims would be drawn from the Copyright Act which has a nearly identical structure and also carries a three (3) year statute of limitations.

relates back to its original Complaint filed on November 19, 2019, within three (3) years of the

Program at issue in this matter.

Specifically, Plaintiff has alleged in its Second Amended Complaint that each of the

Moving Defendants "was an officer, director, shareholder, member and/or principal of the entity

owning and operating the Establishment" on the date of the Program.  Doc. No. 31 ¶¶ 9-12.

Plaintiff plead its original Complaint against two (2) entities, Molly Malone's LLC and 713

Partners LLC.  *See* Doc. No. 1.  Upon Plaintiff's information and belief, the Moving Defendants

were members of Molly Malone's LLC and/or Barrack's Row Ent Group LLC, which owned

Molly Malone's LLC, on the date of the Program.  As such, the Second Amended Complaint

relates back to the original Complaint because relation back is proper under the Communications

Act, the amendment did not change the conduct, transaction, or occurrence set out in the original

Complaint, the Moving Defendants were served with the summons and Second Amended

Complaint in due course, and the Moving Defendants knew or should have known that the action

would have been brought against them, but for a mistake concerning the proper party's identity.

*See* Fed. R. Civ. P. 15(c).

For these reasons, Plaintiff's Second Amended Complaint relates back to its original

Complaint and the claims brought against the Moving Defendants are timely.

**IV.**     **Moving Defendants' Motion for Summary Judgment Should Be Reserved For The Summary Judgment Stage Of The Proceedings and Should Be Denied.**

While it is true that a court may convert a Rule 12(b)(6) motion to dismiss into a motion

for summary judgment if it decides to consider evidence outside of the Complaint [*see* Fed. R.

Civ. P. 12(d), "it is only at the summary-judgment stage that the Court will look at records and

testimony and make its determination." Doc. No. 22 p. 3.  Moving Defendants and non-moving

Defendants in this matter continue to point their fingers at each other and have selectively disclosed

(or intentionally chosen not to disclose) facts and documents to Plaintiff and the Court in an effort to escape liability.  *See* Doc. Nos. 19, 45.  Here, Moving Defendants have not provided any documentation or records to substantiate their testimony and likely have done so for good reason. It is evident that without mandatory initial disclosures and formal discovery requests, full clarity as to the entity (or entities) and individual (or individuals) responsible for the operation of the Establishment on the date of the Program will not be attained.  *See Goland v. Central Intelligence Agency*, 607 F.2d 339, 357 (D.D.C. 1978) ("Without discovery, a party to litigation may not have access to facts necessary to oppose a motion for summary judgment."); *Proctor*, 74 F. Supp. 3d at 448.  Should this Court convert Moving Defendants' Motion to a motion for summary judgment and rule in Moving Defendants' favor, the Court would reward Moving Defendants for withholding potentially important and/or incriminating documents and could allow Moving Defendants to escape liability for illegal activity they were responsible for.  As Your Honor previously ruled, the summary judgment stage is the proper time to examine full records and testimony and is a stage that has not yet been reached.  A full discovery period is necessary to provide the parties and the Court with all in the information needed to make a determination in this matter and for that reason, Moving Defendants' Motion  for Summary Judgment should be reserved for the summary judgment stage of the proceedings and denied.

**V.      If The Court Grants Defendants' Motion, Plaintiff Should Be Allowed Leave To Amend.[2]**

Fed. R. Civ. P. 15(a)(2) provides that "[a] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Further, "[i]n the absence of any apparent or declared reason—such as undue

---

[2]      Plaintiff did amend its Complaint once previously in a good faith basis to avoid motion practice based on information provided by non-moving defendants.  However, it is now apparent to Plaintiff that the defendants in this matter are selectively providing information to Plaintiff to hide and move the ball to deflect blame.

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Barkley v. U.S. Marshals Serv. ex rel. Hylton*, 766 F.3d 25, 38 (D.C. Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This Court recently recognized in *Smartdoor Holdings, Inc. v. Edmit Indus., Inc.*, "As the D.C. Circuit has warned, dismissals with prejudice under Rule 12(b)(6) are disfavored and 'warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Smartdoor Holdings, Inc. v. Edmit Indus., Inc.*, 78 F. Supp. 3d 275, 278 (D.D.C. 2015) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)). When a pleading is susceptible to a Rule 12(b)(6) dismissal, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile. That rule applies 'even if the plaintiff does not seek leave to amend.'" *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 256 n. 14 (3d Cir. 2010) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). If the Court is inclined to grant the Moving Defendants' Motion to Dismiss, Plaintiff should be allowed leave to amend.

## CONCLUSION

As this Court has previously held, Plaintiff's claims against the defendants in this matter are sufficiently plead and state claims for relief against the Moving Defendants. Further, summary judgment on this matter should be reserved for the summary judgment stage of the proceedings, after a full discovery period. Thus, Moving Defendants should not be dismissed from this action and this case should proceed.

Plaintiff therefore respectfully requests this Court deny Moving Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment in full.  However, should this Court find that Plaintiff's Second Amended Complaint is vulnerable to dismissal, Plaintiff respectfully requests this Court grant Plaintiff leave to amend to avoid dismissal of this action.

Respectfully submitted,

/s/ Justin M. Hollimon
Justin M. Hollimon, Esq. #MD0072
The Hollimon Firm
P.O. Box 23726
 Baltimore, Maryland 21203
(443) 326-4703
*Counsel for Joe Hand Promotions*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of August 2020, a copy of the foregoing was emailed to attorneys James Loots and Steven Gremminger and Xavier Cerveras, who is pro se.

11