UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MOLLY MALONE'S LLC, *et al.*, <br><br> Defendants. | Civil Action No. 19-3479 (JEB) |

### MEMORANDUM OPINION

In this Federal Communications Act case, Plaintiff Joe Hand Promotions, Inc., a commercial distributor of sports and entertainment programming, accuses numerous Defendants of illegally intercepting and broadcasting an Ultimate Fighting Championship bout at a D.C. bar named Finn McCool's on December 30, 2016. Plaintiff's difficulty in this litigation has been proving who actually owned the bar on that date. In its latest Complaint, it lists no fewer than eleven Defendants. In response, four now move to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). They alternatively move for summary judgment under Rule 56, submitting declarations that disclaim any connection, financial or otherwise, to the bar on the night of the broadcast. As Plaintiff has not contested this evidence, the Court will grant the Motion for Summary Judgment.

**I.     Background**

As the Court considers materials outside the Complaint, it will treat the Motion as one for summary judgment. In addition, given that Plaintiff has not complied with Local Civil Rule 7(h), which requires a statement of disputed material facts to be filed in conjunction with an

1

opposition to a summary-judgment motion, the Court considers these facts as undisputed. See LCvR 7(h)(1) (movant's material facts are admitted unless controverted in opposing party's statement of genuine issues and supported by record); see also Bush v. Wash. Metro. Area Transit Auth., No. 19-930, 2020 WL 921419, at *3 (D.D.C. Feb. 26, 2020). It thus sets them forth here where relevant.

As described in the Second Amended Complaint, Plaintiff held the exclusive right to license and distribute the Ultimate Fighting Championship 207: Nunes v. Rousey broadcast, which aired on December 30, 2016. See ECF No. 31 (SAC), ¶¶ 1, 17. Without obtaining the proper authorization from Plaintiff, Defendants allegedly intercepted and exhibited the program to patrons at the bar Finn McCool's, located at 713 8th Street, S.E., in Washington, in violation of the Federal Communications Act. Id., ¶¶ 2, 20–22.

While Plaintiff's allegations are relatively straightforward, identifying the proper Defendants has presented greater challenges. Joe Hand's First Amended Complaint named six Defendants: Molly Malone's LLC dba Finn McCool's, 713 Partners LLC dba Finn McCool's, Xavier Cervera, Andrea Gentile, William A. Sport, and Barrack's Row Ent Group, LLC. See ECF No. 5. Default has now been entered against Molly Malone's and Barrack's Row, see ECF Nos. 16, 17, while Cervera, 713 Partners, Gentile, and Sport have filed answers in response. See ECF Nos. 24–26, 41. On July 8, 2020, Plaintiff filed a Second Amended Complaint, which included allegations of wrongdoing identical to those in its prior Complaint but added another five defendants: William J. Nimmo, Greg Cotter, Michael Cheung, Edward Cheung, and Ricardo Cervera. See SAC, ¶¶ 8–12.

The first four men now collectively move to dismiss the Second Amended Complaint for failure to state a claim or, in the alternative, for summary judgment. See ECF No. 45. Their

central contention is that they are not proper Defendants. Id. at 9. In support of summary judgment, they submitted a statement of material undisputed facts, see ECF No. 45-6 (Def. SMF), drawing upon materially identical declarations each filed. See ECF Nos. 45-2, 45-3, 45-4, 45-5 (Def. Decls.). These declarations aver that none of Defendants had any direct or indirect financial interest, or any operational or managerial responsibility, over Finn McCool's when the broadcast allegedly took place. See Def. SMF, ¶¶ 10–12, 14; Def. Decls., ¶¶ 4–8. Instead, each Defendant previously "was a passive investor in an LLC that owned a restaurant at 713 8th Street, S.E., Washington," which was not named Finn McCool's. See Def. SMF, ¶¶ 3–4 (citing Def. Decls., ¶¶ 4, 7). On August 31, 2016, however, the LLC defaulted on its obligations to the restaurant's sellers, and each Defendant relinquished his interest in the restaurant back to them. See Def. SMF, ¶ 7; Def. Decls., ¶ 4. Defendants did not have any financial interest in the bar, or any other Defendant entities identified in the Second Amended Complaint, on December 30, 2016, the date of the program's broadcast. See Def. SMF, ¶¶ 8–10 (citing Def. Decls., ¶¶ 4–8). Defendants further disclaim any non-financial control over the establishment on that date, as well as any knowledge of or involvement with exhibiting the program. Id., ¶¶ 10–12, 14.

**II.     Legal Standard**

Defendants moved to dismiss for failure to state a claim or, in the alternative, for summary judgment. Because the Court's decision addresses the latter request, it need articulate only that standard.

Unless otherwise indicated by local rule or court order, a party may move for summary judgment "at any time," including before the start of formal discovery. See Fed. R. Civ. P. 56(b); Austin v. Washington Metro. Area Transit Auth., No. 19-2718, 2020 WL 2962609, at *7 (D.D.C. May 28, 2020). Federal Rule of Civil Procedure 56(a) requires the Court "to grant

3

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if it would change the outcome of the litigation, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006), and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007). When a motion for summary judgment is under consideration, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." Liberty Lobby, 477 U.S. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). The nonmoving party's opposition, however, must consist of more than mere unsupported allegations. See Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record," such as affidavits, declarations, or other evidence. See Fed. R. Civ. P. 56(c)(1)(A).

In light of this requirement, and pursuant to Local Rule 7(h), "[f]actual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits its own affidavits[,] . . . declarations[,] or documentary evidence to the contrary." Defs. of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citing Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992)). These rules "assist[ ] the district court to maintain docket control and to decide motions for summary judgment efficiently and effectively." Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 150 (D.C. Cir. 1996).

### III. Analysis

Joe Hand's Second Amended Complaint alleges that eleven Defendants violated two provisions of the FCA by illegally intercepting and exhibiting the program without authorization.

See 47 U.S.C. § 553 (prohibiting theft of communications distributed over cable-television systems); § 605(a) (prohibiting theft of radio communications). As courts in this district have observed in several factually similar cases, the appropriate standard for evaluating an individual's liability for a corporation's infringing acts under the FCA "remains an open question in this Circuit." G&G Closed Circuit Events, LLC v. 19th & K, Inc., No. 19-1422, 2020 WL 759118, at *3 (D.D.C. Feb. 14, 2020); see also J & J Sports Prods., Inc. v. Kiflu, No. 18-225, 2018 WL 6530579, at *2 (D.D.C. Dec. 12, 2018). A "large body of cases — and, indeed, what appears to be the great weight of authority" — has adopted the "benefit and control test," under which an individual must have the "right and ability to supervise the violations, as well as an obvious and direct financial interest in the misconduct." Joe Hand Promotions, Inc. v. Wright, 963 F. Supp. 2d 26, 28 (D.D.C. 2013) (citations and internal quotation marks omitted) (surveying caselaw); see also G&G Closed Circuit Events, 2020 WL 759118, at *3 (adopting benefit-and-control test); Kiflu, 2018 WL 6530579, at *2 (same). At least one other court has instead required plaintiffs to "pierce the corporate veil" under more traditional theories of vicarious liability. Wright, 963 F. Supp. 2d at 28 (citing Joe Hand Promotions, Inc. v. Sharp, 885 F. Supp. 2d 953 (D. Minn. 2012)).

   This Court need neither address the legal sufficiency of Plaintiff's allegations nor resolve legal ambiguities regarding individual liability under the FCA because Defendants' knockout argument is a simple, factual one: they are the wrong Defendants. As noted above, each Defendant provided a declaration stating, under the penalty of perjury, that he did not have any financial interest, operational control, or other connection to the establishment at the time it allegedly exhibited the program. See Def. Decls., ¶¶ 4–8.

Plaintiff's responses in its Opposition fall short of raising a genuine dispute about these material facts. For example, Joe Hand asserts in passing that various Defendants have disputed ownership and control over the bar, "point[ing] their fingers at each other" and "selectively disclos[ing]" facts and documents. See ECF No. 46 (Pl. Opp.) at 7–8. "A party opposing a motion for summary judgment," however, "'may not rest upon the mere allegation or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" Tom Sawyer Prods., Inc. v. Progressive Partners Achieving Sols., Inc., 550 F. Supp. 2d 23, 29 (D.D.C. 2008) (quoting Fed. R. Civ. P. 56(e)). However true Plaintiff's observation may be, it fails to dispute Defendants' specific, sworn assertions that they had no ownership interest in or managerial control of the establishment at the relevant time, nor any knowledge of or involvement with exhibiting the program. Under any theory of individual FCA liability, Plaintiff's claim comes up short. "Unless the opposing party points to 'affirmative evidence' showing disputed material facts, the court shall enter summary judgment, if appropriate, against the adverse party." Jackson, 101 F.3d at 150 (citing Liberty Lobby, 477 U.S. at 256–67).

Plaintiff also contends that the summary-judgment stage "has not yet been reached" and that a "full discovery period is necessary" before the Court can rule on Defendants' Motion. See Pl. Opp. at 8. It is mistaken. "A party may move 'for summary judgment at any time,' including at the beginning of a case before discovery has commenced." Austin, 2020 WL 2962609, at *7 (quoting Fed. R. Civ. P. 56(c)); Parker v. Hoglander, No. 15-926, 2016 WL 3527014, at *3 (D.D.C. June 23, 2016) ("There is no rule that summary judgment cannot be sought or granted before discovery. . . . '[A]t any time' does in fact mean 'at any time.'"). In addition, Plaintiff's argument that Defendants neglected to provide records "to substantiate their testimony," Pl. Opp.

6

at 8, overlooks that the declarations themselves — absent any affirmative evidence to the contrary — are sufficient to support the factual positions advanced in their Motion.  See Fed. R. Civ. P. 56(c).

A party in Plaintiff's position, moreover, is not left without any procedural mechanisms to "fend off an early summary judgment motion." Parker, 2016 WL 3527014, at *4.  Instead, if the non-movant believes that discovery is necessary to adequately respond, as Plaintiff here seems to, it must "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).  The Court may then defer considering the motion or deny it, allow the non-movant to take discovery, or issue any other appropriate order.  Id.  But just as Plaintiff failed to comply with Local Rule 7(h), it also did not file any such 56(d) affidavit or declaration with its Opposition.  In light of these omissions, Defendants' declarations, which disclaim any connection to the establishment at the relevant time, are sufficient to warrant judgment.

In so deciding, the Court is not, contrary to Plaintiff's suggestions, Pl. Opp. at 7–8, "convert[ing]" Defendants' Motion to Dismiss into one for summary judgment.  Instead, it is ruling on Defendants' own Motion for Summary Judgment, which was appropriately filed, is supported by apparently undisputed evidence, and is ripe for decision at this time.  This determination is also consistent with the Court's earlier Order refusing to consider factual materials attached to a motion to dismiss filed by other Defendants.  See ECF No. 22 (Order) at 3.  In denying that motion, the Court indicated that it would consider testimony and other records "only at th[e] summary-judgment stage." Id.  As the Order explicitly clarified, however, "Should Defendants move for summary judgment and submit the same proof, they may be successful."

Id.  Moving Defendants appear to have done just that, and Plaintiff has failed to respond accordingly.

## IV.  Conclusion

Based on the undisputed evidence before the Court, Defendants had no interest or involvement, financial or otherwise, with the establishment when the allegedly illegal broadcast took place.  As a result, they cannot have violated the FCA in this instance as a matter of law.  The Court therefore will grant summary judgment in favor of Defendants.  A separate Order so stating will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  September 30, 2020